**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| DIRK HOWARD, | : | |
| Plaintiff, | : | Case No. 3:05CV250 |
| vs. | : | Magistrate Judge Sharon L. Ovington (by consent of the parties) |
| WAL-MART STORES, INC., | : | |
| Defendant. | : | |

**ORDER**

In July 2005 Plaintiff Dirk Howard, through counsel, filed a Complaint in the Montgomery County, Ohio Court of Common Pleas against Wal-Mart Stores, Inc. Wal-Mart removed Plaintiff's case to federal court based on this Court's federal-question jurisdiction over Plaintiff's claim under the Americans with Disabilities Act ("the ADA"). (Doc. # 1). The case is presently before the Court upon Wal-Mart's Motion to Dismiss (Doc. #3), Plaintiff's Response (Doc. #4), and the record as a whole.

Plaintiff alleges the following in his Complaint:

> On or about July 31, 2004, Dirk Howard was a business invitee at the Wal-Mart store ... in Miami Township..., Ohio.
>
> As Mr. Howard was leaving the store, a Wal-Mart Security guard rushed up to Mr. Howard and screamed words to the effect that he knew what he (Mr. Howard) did and that he knew Mr. Howard drives a Red Mazda. The Security Guard also made numerous other threats including the threat of arrest.
>
> Mr. Howard's Red Mazda was clearly marked with a handicapped sticker placed approximately under his rearview mirror and his car was parked in the handicapped section. Mr. Howard's frail condition was evident and at the time of the incident Mr. Howard was about 5′10″ tall and weighed 146 pounds. Mr.

Howard was at the time, and continues to be treated for a nervous condition....

(Doc. #1, Exhibit A at 1).

Plaintiff's Complaint raises the following claims: (1) "assault on Plaintiff, resulting in injury in the form of intentional infliction of emotional distress, said injuries being serious and permanent";  (2) "Defendant's actions against Plaintiff as described herein constitute a violation of the American with Disabilities Act"; and (3) "Defendant's actions as described herein constitute negligent infliction of emotional distress, said injuries being serious and permanent." (Doc. #1, Exh. A at 2).

Wal-Mart contends that dismissal of each of Plaintiff's claims is warranted under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  As to Plaintiff's ADA claim, Wal-Mart argues that the Complaint merely references a handicapped sticker in Plaintiff's rearview mirror and does not allege that Plaintiff suffers from a disability or that Wal-Mart committed an act of disability discrimination.  Plaintiff disagrees, contending "in *Smith v. Wal-Mart*, 167 F.3d 286 (June 2005), the United States Sixth Circuit Court of Appeals held that store customers had a private right of action against a store under the Americans with Disabilities Act."  (Doc. #4 at 1).

In ruling on a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the factual allegations in the Complaint must be taken as true and construed in a light most favorable to the plaintiff. *Penny/Ohlmann/Neiman, Inc. v. Miami Valley Pension Corp.*, 399 F.3d 692, 697 (6th Cir. 2005). A Rule 12(b)(6) Motion to Dismiss may be granted only if the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle him or her to relief.  *Id*.  The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id*.; *see*

2

*Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

Wal-Mart's contention that Plaintiff's Complaint fails to state a claim under the ADA is well taken. The ADA sets forth rights, duties, and remedies under Titles I through III. Title I of the ADA relates to employment discrimination, 42 U.S.C. §12111, *et seq*.; Title II contains remedies for disability discrimination for public services, 42 U.S.C. §12313, *et seq*.; and Title III contains remedies for disability discrimination in public accommodation provided by certain private entities, 42 U.S.C. §12181, *et seq*. *See MX Group, Inc. v. City of Covington*, 293 F.3d 326, 334 (6th Cir. 2002).

Plaintiff's Complaint does not set forth a claim under Title I because it does not involve a claim of employment discrimination and because Plaintiff does not allege that he was an employee of Wal-Mart. Plaintiff's Complaint does not set forth a claim under Title II because it fails to allege that Wal-Mart discriminated against him when providing public services. The allegations in Plaintiff's Complaint at most implicate Title III of the ADA because they concern acts or omission by a Wal-Mart through one of its security guards (presumably a Wal-Mart employee).

"Disability-based discrimination in public accommodations is prohibited under Title III of the Americans with Disabilities Act, 42 U.S.C. §12182." *U.S. v. Cinemark USA, Inc.*, 348 F.3d 569, 572-73 (6th Cir. 2003). "A covered entity discriminates against a disabled individual when it fails to make 'reasonable accommodations to known physical or mental limitations.' 42 U.S.C. § 12112(b)(5)(A)." *Gonzales v. National Bd. of Medical Examiners*, 225 F.3d 620, 626 (6th Cir. 2000). Injunctive relief is available for violations of Title III of the ADA. *Id*. at 625 (citing 42 U.S.C.A. §12188(a)(1)).

Plaintiff's Complaint does not allege that he suffers from a disability within the meaning of the ADA. Construing his Complaint in his favor, the most he alleges about his condition is that he drives a car with a handicapped-parking sticker and that he is visibly frail due to his height (5′10″) and weight (146 pounds). The fact, however, that Plaintiff drives a car with such a sticker and that he appears frail due to his height and weight does not reveal that he suffers from an ADA protected disability and does not describe the nature of his alleged disability.[1] In addition, assuming that Plaintiff has a disability protected by the ADA does not assist him in avoiding dismissal of his ADA claim. Plaintiff does not allege that Wal-Mart engaged in any discriminatory conduct because of Plaintiff's disability. The security guard rushed to Plaintiff and screamed at him apparently because he had done something the security guard did not like, possibly parking in a space reserved for individuals with disability parking stickers. The security guard, according to the Complaint, "also made numerous other threats including the threat of arrest." (Doc. #1, Exh. A at 1). Although somewhat disturbing, these allegations do not reveal an act of discrimination based on an ADA-protected disability.

Plaintiff's reliance on *Smith v. Wal-Mart*, 167 F.3d 286 (6th Cir. 2005) is misplaced. In *Smith*, the plaintiff, a woman age seventy-four who ambulated with a walker, fell in a Wal-Mart bathroom that was not equipped as required by Title III of the ADA. The fall caused her extreme injury, resulting in a broken neck and rendering her a quadriplegic. 167 F.3d at 290-91. The Sixth Circuit Court of Appeals in *Smith* recognized that a private party may not recover damages under Title III of the ADA but held that a private party has a cause of action under Georgia

---

[1] "A person is disabled within the meaning of the ADA if that individual suffers from 'a physical or mental impairment that substantially limits one or more of the major life activities of such individual.' 42 U.S.C.A. §12102(2)(A)." *Gonzales*, 225 F.3d at 626.

4

negligence law based on Wal-Mart's alleged failure to implement the certain requirements (*e.g.*, installing grab bars in toilet stalls) of Title III of the ADA. 167 F.3d at 294-95. In the instant case, Plaintiff has not argued that Ohio negligence law would provide a similar cause of action. Assuming, moreover, that Ohio negligence law would permit a negligence claim based on Wal-Mart's failure to implement certain requirements of Title III, Plaintiff has not alleged facts indicating either what Wal-Mart failed to do or which Title III requirement(s) Wal-Mart failed to implement. Consequently, *Smith v. Wal-Mart* does not assist Plaintiff in avoiding dismissal of his ADA claim under Rule 12(b)(6).

To the extent Wal-Mart seeks a dismissal on the merits of Plaintiff's remaining state-law claims, its Motion to Dismiss will be denied. In the absence of a viable federal claim against Wal-Mart, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *See* 28 U.S.C. §1367(c). Accordingly, Plaintiff's Counts One, Two, and Four are dismissed without prejudice.

**IT IS THEREFORE ORDERED:**

1. Defendant Wal-Mart, Inc.'s Motion to Dismiss (Doc. #3) is GRANTED in part, and Count Three of Plaintiff's Complaint is DISMISSED with prejudice;

2. Defendant Wal-Mart, Inc.'s Motion to Dismiss (Doc. #3) is DENIED in remaining part, and Plaintiff's Counts One, Two, and Four are DISMISSED without prejudice; and

3. The case is terminated on the docket of this Court.

November 1, 2005                          s/ Sharon L. Ovington
                                          Sharon L. Ovington
                                          United States Magistrate Judge